UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:14-CV-14430-ROSENBERG/LYNCH

THE CRAFTED KEG, LLC,

    Plaintiff,

v.

SECRETARY OF THE FLORIDA DEPARTMENT
OF BUSINESS & PROFESSIONAL REGULATION
AND WILLIAM SPICOLA, IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF THE STATE OF
FLORIDA DIVISION OF ALCOHOLIC BEVERAGES
& TOBACCO,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

    This cause is before the Court on Defendants' Motion to Dismiss [DE 4]. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

    Plaintiff challenges the constitutionality of a Florida statute that places certain restrictions on the sale of beer. Under section 563.06, Florida Statutes, the sale of two 32 ounce containers of beer is permissible. The sale of a 128 ounce container is also permissible. *Id.* The sale of a 64 ounce container of beer, however, is not only prohibited, but is also a second degree misdemeanor. *Id.* Plaintiff argues that the statute has no rational relationship to a governmental interest on a number of grounds, although the ground most developed in Plaintiff's Motion is the disparity of treatment between, for example, two 32 ounce containers of beer and one 64 ounce container.

    Defendant moves to dismiss on the grounds that Plaintiff's claim fails as a matter of law.

1

Plaintiff concedes that its burden[1] is very high:

> A restriction on a form of liberty not explicitly codified in the Bill of Rights or singled out by the courts for special protection under such rubrics as "right to privacy" and "fundamental rights" violates the due process clause only if it is utterly unreasonable . . . .

*Swank v. Smart*, 898 F.2d 1247, 1252 (7th Cir. 1990). Accordingly, if "the law at issue has a rational justification, then it passes the test." *Wroblewski v. City of Washburn*, 965 F.2d 452, 458 (7th Cir. 1992). To establish that the statute at issue has no rational justification, Plaintiff has pled, *inter alia*, the following:

- The law is so illogical that Plaintiff's patrons cannot understand it. DE 1 ¶ 17.

- That consumers who intend to drink and drive simply choose to consume beer in different size containers, and thereby circumvent any attempt by the Florida legislature (through the statute) to provide for public safety. *See id.* at ¶ 33.

- That the size and shape of a container of beer has no relationship to a consumer's consumption of alcohol because different packaging alternatives exist for a consumer to consume any amount of alcohol they choose. *See id.* at ¶ 34.

Plaintiff also offers legal argument to establish that the law has no rational justification. For example, Plaintiff argues that the law has no rational relationship to alcohol consumption when there is no comparable ban on the size of containers of wine or hard liquor.

In response, Defendants offer a variety of explanations why the statute *does* have a rational justification. For example, Defendants argue (i) that a consumer who consumes a 64 ounce container of beer could tell a police officer they only had "one beer" and (ii) that a consumer is "significantly more likely" to attempt to consume beer in a container greater than 32 ounces but less than 128 ounces. DE 10 at 5. Defendants also cite to legislative history for the proposition that the statute at issue here encourages vendors to implement responsible policies

---

[1] Plaintiff is proceeding in this action under a Due Process theory as well as an Equal Protection theory.

for the serving and promotion of alcoholic beverages. After reviewing Defendants' argument, however, the Court finds that the general crux of Defendants' Motion utilizes facts outside of the four corners of Plaintiff's complaint.

The Court is required to accept Plaintiff's allegations as true in reviewing the present motion to dismiss. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). A motion to dismiss should be denied "even if it appears 'that recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court is not prepared to conclude, after accepting all of Plaintiff's allegations as true, that Plaintiff cannot prevail as a matter of law. Instead, the appropriate result here is to permit Plaintiff to conduct discovery:

> A perplexing situation is presented when the rational basis standard meets the standard applied to a dismissal under Fed. R. Civ. P. 12(b)(6). The rational basis standard requires the government to win if any set of facts reasonably may be conceived to justify its classification; the Rule 12(b)(6) standard requires the plaintiff to prevail if "relief could be granted under any set of facts that could be proved consistent with the allegations." The rational basis standard, of course, cannot defeat the plaintiff's benefit of the broad Rule 12(b)(6) standard. The latter standard is procedural, and simply allows the plaintiff to progress beyond the pleadings and obtain discovery, while the rational basis standard is the substantive burden that the plaintiff will ultimately have to meet to prevail on an equal protection claim.

*Wroblewski*, 965 F.2d at 459-60 (citation omitted). Although the *Wroblewski* court ultimately found that the alleged facts in that case ultimately favored the defendant, the Court does not find such is the case here. The burden upon Plaintiff is significant and the standard for Plaintiff to prevail is high, but the Court finds that Plaintiff's Complaint is sufficiently well pled to allow Plaintiff the opportunity to obtain evidence through discovery. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 4] is **DENIED**. Defendants shall file a responsive pleading within ten (10) days of the date of

rendition of this Order.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 15th day of January, 2015.

                                                    ROBIN L. ROSENBERG
                                                    UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record